## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAUNA E. SMITH,       ) | |
|       ) | |
|       Plaintiff,       ) | |
|       ) | |
| vs.       ) | Case No. CIV-06-492-M |
|       ) | |
| DAVID ROCKETT,       ) | |
| LINDSEY WILLIS-ANDREWS,       ) | |
| CLARK & ROCKETT, P.C.,       ) | |
| ROCK PILE, L.L.C.,       ) | |
| ALLIED PHYSICIANS GROUP, INC.,       ) | |
| BRENT D. SIEMENS,       ) | |
| BRENT D. SIEMENS, INC.,       ) | |
| JERRY J. DUNLAP, II,       ) | |
|       ) | |
|       Defendants.       ) | |

## ORDER

Before the Court are defendants David Rockett, Lindsey Willis-Andrews, Clark & Rockett, P.C., and Rock Pile, L.L.C.'s motion to dismiss and defendant Jerry J. Dunlap, II's motion to dismiss.[1]  Plaintiff has filed her responses, and the matter is now ripe for determination.

On or about March 22, 2004, defendant Allied Physicians Group, Inc. filed a breach of contract action against plaintiff ("State Court Action").  On April 29, 2004, judgment was entered in the State Court Action.  Thereafter, post-judgment proceedings were commenced to collect the judgment in the State Court Action.  Plaintiff failed to appear for a hearing on assets, and on April 1, 2005, the state court issued a civil bench warrant for plaintiff's failure to appear.  On May 5, 2005, plaintiff was arrested, was arraigned, and plead not guilty.

On October 13, 2005, plaintiff filed a Chapter 13 Petition in the United States Bankruptcy

---

[1]For purposes of this Order, defendants David Rockett, Lindsey Willis-Andrews, Clark & Rockett, P.C., Rock Pile, L.L.C., and Jerry J. Dunlap, II shall be referred to as the "Moving Defendants."

Court for the Western District of Oklahoma.  On May 4, 2006, plaintiff filed the instant action against defendants, alleging a violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1691, et seq., and various other state law claims.  On May 19, 2006, plaintiff's bankruptcy case was dismissed with prejudice.[2]

The Moving Defendants move this Court to dismiss this action based upon plaintiff's lack of standing.[3]  Standing is assessed at the time the action is commenced.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.5 (1992).  Causes of action that belong to the debtor at the time a bankruptcy case is commenced constitute property of the bankruptcy estate, *see In re Stat-Tech Int'l Corp.*, 47 F.3d 1054, 1057 (10th Cir. 1995), and any such cause of action can only be asserted by the trustee of the bankruptcy estate.  *See Vidal v. Doral Bank Corp.*, 363 F. Supp. 2d 19, 22 (D.P.R. 2005) ("a Trustee is the real party in interest with exclusive standing to assert claims which are property of the bankruptcy estate"); *Lawrence v. Jackson Mack Sales, Inc.*, 837 F. Supp. 771, 779 (S.D. Miss. 1992) ("a cause of action belonging to a debtor that existed at the time of the filing of a bankruptcy petition becomes property of the bankruptcy estate and may only be prosecuted by the trustee of the bankruptcy estate"); *In re Bell & Beckwith*, 64 B.R. 144, 147 (Bankr. N.D. Ohio 1986) ("any cause of action which has accrued to the Debtor as of the filing of the petition is property of the estate and may only be prosecuted on behalf of the estate").

---

[2]On June 9, 2006, plaintiff filed a Motion for Court to Take Judicial Notice of Dismissed Bankruptcy Case.  Upon review of plaintiff's motion, the Court finds that said motion should be granted.

[3]The Moving Defendants also move to dismiss this action based upon this Court's alleged lack of subject matter jurisdiction, improper venue, and plaintiff's alleged failure to state a claim upon which relief may be granted.  Further, defendant Jerry J. Dunlap, II also asserts that this action is barred by the applicable statute of limitations.  In light of the Court's finding that plaintiff lacked standing to bring this action, the Court declines to address these alternative bases for dismissal.

Plaintiff asserts that she first knew of the existence of the causes of action she is asserting in the case at bar on May 5, 2005.  Plaintiff's response to defendant Jerry J. Dunlap, II's motion to dismiss at 10.  Plaintiff commenced her bankruptcy case on October 13, 2005.  Accordingly, because the causes of action which plaintiff is asserting in the case at bar belonged to plaintiff at the time her bankruptcy case was commenced, the Court finds that these causes of action became property of the bankruptcy estate and could only be asserted by the trustee of the bankruptcy estate.  The Court further finds that because plaintiff's bankruptcy case was still pending at the time she filed the instant action,[4] plaintiff lacked standing to file the case at bar.  The Court, therefore, finds that the instant action should be dismissed.

Accordingly, for the reasons set forth above, the Court GRANTS plaintiff's Motion for Court to Take Judicial Notice of Dismissed Bankruptcy Case [docket no. 33], GRANTS defendants David Rockett, Lindsey Willis-Andrews, Clark & Rockett, P.C., and Rock Pile, L.L.C.'s motion to dismiss [docket nos. 16 and 18] and defendant Jerry J. Dunlap, II's motion to dismiss [docket no. 27], and DISMISSES this action.

**IT IS SO ORDERED this 11th day of August, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[4]Plaintiff's bankruptcy case was not dismissed until approximately two weeks after plaintiff filed the instant action.