**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHAUNA E. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-06-492-M |
| | ) |
| DAVID ROCKETT, | ) |
| LINDSEY WILLIS-ANDREWS, | ) |
| CLARK & ROCKETT, P.C., | ) |
| ROCK PILE, L.L.C., | ) |
| ALLIED PHYSICIANS GROUP, INC., | ) |
| BRENT D. SIEMENS, | ) |
| BRENT D. SIEMENS, INC., | ) |
| JERRY J. DUNLAP, II, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff's Motion to Alter or Amend Judgment, filed August 25, 2006. Pursuant to Federal Rule of Civil Procedure 59(e), plaintiff moves the Court to alter, amend, or vacate its August 11, 2006 Order and Judgment dismissing this case based upon plaintiff's lack of standing.

"Grounds warranting a motion to [alter or amend] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to alter or amend is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed plaintiff's motion, the Court finds no grounds which warrant altering, amending, or vacating the August 11, 2006 Order and Judgment. Specifically, the Court

finds no intervening change in the controlling law, no new evidence previously unavailable, and no need to correct clear error or prevent manifest injustice.  The Court further finds it did not misapprehend the facts, it did not misapprehend plaintiff's position, and it did not misapprehend the controlling law.  The Court finds that in her motion to alter or amend judgment, plaintiff merely reargues issues which were already addressed by the Court in its August 11, 2006 Order and advances arguments that could have been raised when plaintiff filed her responses to the motions to dismiss.  Further, the Court notes that in her motion to alter or amend judgment, plaintiff argues at some length that she disclosed this cause of action in her bankruptcy case and cites to several cases addressing a plaintiff's failure to disclose causes of action in a bankruptcy case.  In its August 11, 2006 Order, however, the Court did not dismiss this action based upon plaintiff's failure to disclose this action in her bankruptcy case but dismissed this action simply based upon the fact that her bankruptcy case was pending at the time she filed this action and, consequently, plaintiff lacked standing to file it.

Accordingly, the Court DENIES plaintiff's Motion to Alter or Amend Judgment [docket no. 41].

**IT IS SO ORDERED this 2nd day of October, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE