## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAUNA E. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-492-M |
| | ) | |
| DAVID ROCKETT, | ) | |
| LINDSEY WILLIS-ANDREWS, | ) | |
| CLARK & ROCKETT, P.C., | ) | |
| ROCK PILE, L.L.C., | ) | |
| ALLIED PHYSICIANS GROUP, INC., | ) | |
| BRENT D. SIEMENS, | ) | |
| BRENT D. SIEMENS, INC., | ) | |
| JERRY J. DUNLAP, II, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the Court are defendants Allied Physicians Group, Inc., Brent D. Siemens, and Brent D. Siemens, Inc.'s Motion for Recovery of Legal Fees, filed August 21, 2006, and defendants David Rockett, Lindsey Willis-Andrews, Clark & Rockett, P.C., and Rock Pile, L.L.C.'s Motion for Attorney's Fees, filed August 25, 2006.

On May 4, 2006, plaintiff filed the instant action against defendants, alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1691, et seq. ("FDCPA"), and various other state law claims. Defendants David Rockett, Lindsey Willis-Andrews, Clark & Rockett, P.C., Rock Pile, L.L.C., and Jerry J. Dunlap, II filed motions to dismiss. On August 11, 2006, the Court dismissed this action based upon plaintiff's lack of standing. Defendants, with the exception of Jerry J. Dunlap, II, now move this Court for an award of attorney's fees.

Under the FDCPA, "[o]n a finding by the court that an action . . . was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable

in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). For a court to appropriately award attorney's fees under the FDCPA, it is not enough that the case is ultimately dismissed. *See Mendez v. Apple Bank for Sav.*, 541 N.Y.S.2d 920, 924 (N.Y. Civ. Ct. 1989). In the absence of any evidence that the plaintiff believed her action to be without merit or was motivated purely by a desire to harass the defendants, sanctions are not warranted. *Id.* Having carefully reviewed defendants' motions, the Court finds that defendants have not shown that plaintiff brought this action in bad faith and/or for the purpose of harassment.

Further, defendants Allied Physicians Group, Inc., Brent D. Siemens, and Brent D. Siemens, Inc. assert that they are not subject to the FDCPA and that plaintiff's inclusion of them as defendants show plaintiff's bad faith. However, defendants Allied Physicians Group, Inc., Brent D. Siemens, and Brent D. Siemens, Inc., in contrast to the other defendants, simply answered the Complaint and did not file a motion to dismiss. The Court finds that if it was so apparent that these defendants were not subject to the FDCPA such that including them indicates bad faith, these defendants would have filed a motion to dismiss. Additionally, in their motion, defendants David Rockett, Lindsey Willis-Andrews, Clark & Rockett, P.C., and Rock Pile, L.L.C. rely in large part upon plaintiff's conduct in the state court proceedings to show plaintiff's bad faith. The Court, however, is being asked to award attorney's fees based upon plaintiff's filing of the instant action, and while relevant to provide some context for the instant action, the Court finds that plaintiff's conduct in the state court proceedings is not sufficient, in itself, to establish that this action was brought in bad faith and/or for the purpose of harassment.

Accordingly, the Court DENIES defendants Allied Physicians Group, Inc., Brent D. Siemens, and Brent D. Siemens, Inc.'s Motion for Recovery of Legal Fees [docket no. 39] and

defendants David Rockett, Lindsey Willis-Andrews, Clark & Rockett, P.C., and Rock Pile, L.L.C.'s Motion for Attorney's Fees [docket no. 40].

**IT IS SO ORDERED this 2nd day of October, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE