**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SHAUNA E. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-492-M |
| | ) | |
| D. JOE ROCKETT as the Personal | ) | |
| Representative of the Estate of David | ) | |
| Rockett, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Before the Court is plaintiff's Application for Entry of Default by the Clerk against Defendants David Rockett, Lindsey Willis-Andrews, Clark & Rockett, P.C. and Rock Pile, L.L.C., filed March 10, 2009.  On March 25, 2009, defendants David Rockett, Lindsey Willis-Andrews, Clark & Rockett, P.C. and Rock Pile, L.L.C. (the "Subject Defendants") filed their response.

A summons and complaint in this action were served on defendant David Rockett on May 5, 2006, defendant Lindsey Willis-Andrews on May 8, 2006, defendant Clark & Rockett, P.C. on May 5, 2006, and defendant Rock Pile, L.L.C. on May 5, 2006.  On May 22, 2006, the Subject Defendants filed a motion to dismiss.  On August 11, 2006, the Court granted the motion to dismiss and dismissed this case based upon plaintiff's lack of standing.  Plaintiff appealed this Court's order of dismissal, and on April 11, 2008, the United States Court of Appeals for the Tenth Circuit issued its decision reversing and remanding the matter back to this Court.  On May 1, 2008, all of the defendants in this case filed second motions to dismiss.  On May 5, 2008, the Tenth Circuit issued its mandate in the case.  On February 24, 2009, the Court struck the second motions to dismiss for lack of jurisdiction because said motions were filed before the Tenth Circuit issued its mandate.  On February 25, 2009, the Subject Defendants filed another second motion to dismiss.

Plaintiff asserts that because no answer has been filed by the Subject Defendants and because their successive motions to dismiss do not entitle them to an automatic extension of time to answer under Federal Rule of Civil Procedure 12, the Subject Defendants are in default and request the Clerk of Court to enter default against the Subject Defendants pursuant to Federal Rule of Civil Procedure 55(a). Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead <u>or otherwise defend</u>, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). "[A] motion challenging the complaint for failure to state a claim upon which relief can be granted is within the notion of 'otherwise defend.'" 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2682 (3d ed. 1998).

The Subject Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted on February 25, 2009, the day following the Court's order striking their previous motion to dismiss.[1] Thus, the Court finds that the Subject Defendants have not failed to "otherwise defend" and plaintiff's request for entry of default should, therefore, be denied.[2]

---

[1] In her motion, plaintiff contends that the February 25, 2009 motion was untimely because the time for the Subject Defendants to file said motion related back to the issuance of the mandate. Taken to its logical conclusion, plaintiff is, in essence, contending that the Subject Defendants should have some how known in advance that the Court would strike their pending motion to dismiss and should have filed the February 25, 2009 motion to dismiss at a point in time prior to this Court's striking of their motion to dismiss. The Court finds this argument is nonsensical. The Subject Defendants filed their February 25, 2009 motion to dismiss the day after this Court struck the pending motion to dismiss; the Court is at a loss as to how defendants' February 25, 2009 motion could be more timely.

[2] In her application, plaintiff contends that because matters outside the complaint are presented to the Court, the Subject Defendants' February 25, 2009 motion to dismiss will be treated as a motion for summary judgment and because a motion for summary judgment does not toll the

Accordingly, the Court DENIES plaintiff's Application for Entry of Default by the Clerk Against Defendants David Rockett, Lindsey Willis-Andrews, Clark & Rockett, P.C. and Rock Pile, L.L.C. [docket no. 88].

**IT IS SO ORDERED this 28th day of September, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

time to file an answer, the Subject Defendants are in default. However, the Court has reviewed the February 25, 2009 motion to dismiss and will not be converting it into a motion for summary judgment.