**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHAUNA E. SMITH, | ) |
|               Plaintiff, | ) ) ) |
| vs. | )   Case No. CIV-06-492-M ) |
| D. JOE ROCKETT as the Personal Representative of the Estate of David Rockett, et al., | ) ) ) ) |
|               Defendants. | ) ) |

**ORDER**

Before the Court is plaintiff's Motion to Strike Answer Filed Out of Time by Defendant Jerry J. Dunlap, II, filed March 17, 2009. On March 30, 2009, defendant Jerry J. Dunlap II ("Dunlap") filed his response. Also before the Court is plaintiff's Motion for Entry of Default Judgment against Defendant Jerry J. Dunlap, II, filed March 30, 2009. On April 17, 2009, Dunlap filed his response. Based upon the parties' submissions, the Court makes its determination.

On August 11, 2006, this Court granted defendants' motions to dismiss and dismissed this case based upon plaintiff's lack of standing. Plaintiff appealed this Court's order of dismissal, and on April 11, 2008, the United States Court of Appeals for the Tenth Circuit issued its decision reversing and remanding the matter back to this Court. On May 1, 2008, all of the defendants in this case filed second motions to dismiss. On May 5, 2008, the Tenth Circuit issued its mandate in the case. On February 24, 2009, the Court struck the second motions to dismiss for lack of jurisdiction because said motions were filed before the Tenth Circuit issued its mandate. On March 10, 2009, plaintiff filed an Application for Entry of Default by the Clerk against Defendant Jerry J. Dunlap, II. On March 16, 2009, the Clerk of Court filed an Entry of Default against Dunlap. Approximately

four hours later on March 16, 2009, Dunlap filed his Answer. Plaintiff now moves to strike Dunlap's Answer, which she contends was filed out of time.

Federal Rule of Civil Procedure 12(a)(1)(A)(i) provides that a defendant must file his answer "within 20 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Further, Federal Rule of Civil Procedure 12(a)(4) provides:

> Unless a court sets a different time, serving a motion under this rule alters these periods as follows:
>
> (A)  if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action; or
>
> (B)  if the court grants a motion for a more definite statement, the responsive pleading must be served within 10 days after the more definite statement is served.

Fed. R. Civ. P. 12(a)(4). The Federal Rules of Civil Procedure, though, do not specify a time period for filing an answer where a district court grants a pre-answer dispositive motion but an appellate court subsequently reverses. However, the Eleventh Circuit has held that because the applicable time period for filing an answer is unclear, defendants should not be held to the ten-day time period but should be allowed to file their answers twenty days after the mandate is issued. *Greenberg v. Nat'l Geographic Soc.*, 488 F.3d 1331, 1340-41 (11th Cir. 2007).

Applying the above to the case at bar, the Court finds that Dunlap had twenty days from the date the mandate was issued to file his answer. Prior to the mandate being issued, however, Dunlap filed a motion to dismiss. Because there was a pending motion to dismiss filed at the time the mandate was issued, the Court finds that the time period for Dunlap to file his answer was tolled until the Court ruled on the motion to dismiss. Therefore, the time for Dunlap to file his answer did not begin to run until February 24, 2009, when this Court issued its order striking Dunlap's motion

to dismiss.  Further, because the Court simply struck the motion to dismiss and neither denied the motion nor postponed its disposition until trial, the Court finds that the twenty-day time period was still the applicable time period.  Therefore, Dunlap had twenty days from February 24, 2009 to file his answer.  Dunlap filed his answer on the twentieth day.

Accordingly, the Court finds that Dunlap's answer was timely and, therefore, should not be stricken.  Additionally, the Court finds that default was improperly entered against Dunlap and that the entry of default should be vacated.  Finally, because Dunlap's answer was timely and the entry of default is being vacated, the Court finds that plaintiff's motion for entry of default judgment should be denied.

The Court, therefore, DENIES plaintiff's Motion to Strike Answer Filed Out of Time by Defendant Jerry J. Dunlap, II [docket no. 96], VACATES the Default by Clerk against Dunlap [docket no. 93], and DENIES plaintiff's Motion for Entry of Default Judgment against Defendant Jerry J. Dunlap, II [docket no. 98].

**IT IS SO ORDERED this 28th day of September, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE