**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHAUNA E. SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CIV-06-492-M |
| D. JOE ROCKETT as the Personal Representative of the Estate of David Rockett, et al., | ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

Before the Court is defendants David Rockett, Lindsey Willis-Andrews, Clark & Rockett, P.C., and Rock Pile, L.L.C.'s ("Moving Defendants") Second Motion to Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 12(b)(6), filed February 25, 2009. On March 10, 2009, plaintiff filed her response.

I.   Background

On or about March 22, 2004, defendant Allied Physicians Group, Inc. filed a breach of contract action against plaintiff ("State Court Action"). On April 29, 2004, judgment was entered in the State Court Action. Thereafter, post-judgment proceedings were commenced to collect the judgment in the State Court Action. Plaintiff failed to appear for a hearing on assets, and on April 1, 2005, the state court issued a civil bench warrant for plaintiff's failure to appear. On May 5, 2005, plaintiff was arrested, was arraigned, and pled not guilty.

On October 13, 2005, plaintiff filed a Chapter 13 Petition in the United States Bankruptcy Court for the Western District of Oklahoma. On May 4, 2006, plaintiff filed the instant action against defendants, alleging a violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1691,

et seq., and various other state law claims. On May 19, 2006, plaintiff's bankruptcy case was dismissed with prejudice.

On May 22, 2006, certain defendants filed a motion to dismiss. On August 11, 2006, the Court granted the motion to dismiss and dismissed this case based upon plaintiff's lack of standing. Plaintiff appealed this Court's order of dismissal, and on April 11, 2008, the United States Court of Appeals for the Tenth Circuit issued its decision reversing and remanding the matter back to this Court. On May 5, 2008, the Tenth Circuit issued its mandate in the case. Moving Defendants now move once again to dismiss plaintiff's complaint.

II. Discussion

Moving Defendants assert that plaintiff's complaint should be dismissed on the following bases: (1) plaintiff's action is barred by judicial estoppel; (2) this Court lacks jurisdiction over the subject matter; and (3) plaintiff's action is brought in an improper venue.

A. Judicial estoppel

Moving Defendants contend that this action is barred by judicial estoppel based upon plaintiff's failure to properly list the claims asserted in this action in her bankruptcy schedule. This contention, however, is premature. In its decision in this case, the Tenth Circuit specifically stated that this Court should determine whether plaintiff permanently lost possession of her causes of action because she failed to properly list them in her bankruptcy schedule only if the bankruptcy court concludes that the bankruptcy case should not be reopened. *See Smith v. Rockett*, 522 F.3d 1080, 1082 (10th Cir. 2008). The bankruptcy court has not yet determined whether it would be appropriate to reopen plaintiff's bankruptcy case.

Accordingly, the Court finds that plaintiff's complaint should not be dismissed on this basis at this time. If the bankruptcy court determines that the bankruptcy case should not be reopened, Moving Defendants may then reassert this issue.[1]

### B. Jurisdiction

Moving Defendants contend that this Court lacks subject matter jurisdiction over this action. While it can not be disputed that this Court has subject matter jurisdiction over plaintiff's Fair Debt Collections Practices Act claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367, Moving Defendants contend that this action is a core proceeding of plaintiff's bankruptcy case and is, therefore, within the exclusive jurisdiction of the bankruptcy court. Because plaintiff's bankruptcy case has been dismissed with prejudice and is now closed, the Court finds that the issue of whether the bankruptcy court has exclusive jurisdiction is now moot.[2] Further, because, as set forth above, this Court clearly has subject matter jurisdiction over this action, the Court finds this action should not be dismissed based upon lack of subject matter jurisdiction.

### C. Venue

Moving Defendants also assert that even if this action is found not to be a core proceeding, this action would best be disposed of by the bankruptcy court and, therefore, this Court is not the proper venue for this matter. Because plaintiff's bankruptcy case has been dismissed with prejudice

---

[1] The Court would note that because evidence outside the pleadings would likely need to be presented on this issue, a motion for summary judgment would be a more appropriate means of addressing this issue.

[2] If the bankruptcy court determines that the bankruptcy case should be reopened, Moving Defendants may re-urge this argument.

and is now closed, the Court finds the issue of venue is now moot.[3]  Accordingly, the Court finds that this action should not be dismissed based upon improper venue.

III.     Conclusion

For the reasons set forth above, the Court DENIES Moving Defendants' Second Motion to Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) [docket no. 85].

**IT IS SO ORDERED this 29th day of September, 2009.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] If the bankruptcy court determines that the bankruptcy case should be reopened, Moving Defendants may re-urge this argument.