# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAUNA E. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-492-M |
| | ) | |
| D. JOE ROCKETT, as the Personal | ) | |
| Representative of the Estate of David | ) | |
| Rockett, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff's Application for Entry of Default by the Clerk against Defendants D. Joe Rockett, Lindsey Willis-Andrews, Clark & Rockett, P.C. and Rock Pile, L.L.C., filed October 21, 2009. On October 27, 2009, defendants D. Joe Rockett, Lindsey Willis-Andrews, Clark & Rockett, P.C., and Rock Pile, L.L.C. ("Rockett Defendants") filed a Response to Plaintiff's Application for Entry of Default Judgment by the Clerk and in the Alternative a Motion for Leave to File an Answer Out of Time.[1] Also before the Court is the Rockett Defendants' Alternative Motion for an Order Allowing the Defendants Leave to File an Answer, filed November 19, 2009. On December 7, 2009, plaintiff filed her response. Based upon the parties' submissions, the Court makes its determination.

---

[1] Local Civil Rule 7.1(c) provides, in pertinent part: "A response to a motion may not also include a motion or a cross-motion made by the responding party." Because the Rockett Defendants have violated Local Civil Rule 7.1(c) by including an alternative motion for leave to file an answer out of time with their response to plaintiff's application for entry of default, the Court STRIKES the Rockett Defendants' alternative motion for leave to file an answer out of time.

I.   Background

On or about March 22, 2004, defendant Allied Physicians Group, Inc. filed a breach of contract action against plaintiff ("State Court Action"). On April 29, 2004, judgment was entered in the State Court Action. Thereafter, post-judgment proceedings were commenced to collect the judgment in the State Court Action. Plaintiff failed to appear for a hearing on assets, and on April 1, 2005, the state court issued a civil bench warrant for plaintiff's failure to appear. On May 5, 2005, plaintiff was arrested, was arraigned, and pled not guilty.

On October 13, 2005, plaintiff filed a Chapter 13 Petition in the United States Bankruptcy Court for the Western District of Oklahoma. On May 4, 2006, plaintiff filed the instant action against defendants, alleging a violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1691, et seq., and various other state law claims. On May 19, 2006, plaintiff's bankruptcy case was dismissed with prejudice.

On May 22, 2006, certain defendants filed a motion to dismiss. On August 11, 2006, the Court granted the motion to dismiss and dismissed this case based upon plaintiff's lack of standing. Plaintiff appealed this Court's order of dismissal, and on April 11, 2008, the United States Court of Appeals for the Tenth Circuit issued its decision reversing and remanding the matter back to this Court. In its decision, the Tenth Circuit directed as follows:

> If the district court decides that none of the alternative grounds for dismissal asserted by Defendants apply, the bankruptcy court should determine whether it would be permissible and appropriate to reopen Plaintiff's bankruptcy case. The bankruptcy court may also determine whether sanctions would be appropriate for Plaintiff's alleged failure to disclose these causes of action in her bankruptcy schedule. If the bankruptcy court concludes that the bankruptcy case should not be reopened, the district court should determine whether, as Defendants argue, Plaintiff permanently lost possession of these

2

> causes of action under 11 U.S.C. § 554(d) because she failed to
> properly list them in her bankruptcy schedule.

*Smith v. Rockett*, 522 F.3d 1080, 1082 (10th Cir. 2008).

Following the mandate being issued by the Tenth Circuit, the Rockett Defendants filed a motion to dismiss, reasserting the alternative grounds for dismissal they had raised in their first motion to dismiss but that were not decided by the Court.[2] On September 29, 2009, the Court denied the Rockett Defendants' motion to dismiss in its entirety.[3] On October 7, 2009, pursuant to the Tenth Circuit's decision, the Court issued an order requesting the bankruptcy court to review whether it is appropriate to reopen the bankruptcy case.

II.  Discussion

Following the denial of their motion to dismiss, the Rockett Defendants did not file an answer. Consequently, plaintiff now moves, pursuant to Federal Rule of Civil Procedure 55(a), for entry of default by the Clerk of Court against the Rockett Defendants. The Rockett Defendants contend that due to the unique procedural posture of this case, they are not required to file an answer at this time; however, the Rockett Defendants alternatively move for leave to file an answer out of time, should the Court determine that they were required to file an answer.

Federal Rule of Civil Procedure 12(a)(4) provides, in pertinent part:

> Unless the court sets a different time, serving a motion under this rule
> alters these periods as follows:

---

[2] The Rockett Defendants initially filed their second motion to dismiss prior to the mandate being issued by the Tenth Circuit. The Court ultimately struck this motion to dismiss, and the Rockett Defendants refiled said motion the day after the Court's order.

[3] In its order, the Court did note that if the bankruptcy court determines that the bankruptcy case should be reopened, the Rockett Defendants may re-urge certain arguments.

> (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action; . . . .

Fed. R. Civ. P. 12(a)(4)(A).[4] Thus, pursuant to Rule 12(a)(4)(A), because the Court did not set a different time, the Rockett Defendants' answer was required to be filed within 10 days after the filing of the Court's order denying the Rockett Defendants' motion to dismiss.

The Rocket Defendants, however, contend that Rule 12(a)(4)(A) does not apply due to the unique procedural history of this case. Specifically, the Rockett Defendants assert that it is implicit in the Court's September 29, 2009 Order that they are not required to file an answer at this time because two of the previously asserted grounds for dismissal may be re-urged if the bankruptcy court takes action. The Rockett Defendants further assert that the Court did not order them to file an answer within ten days' time. Finally, the Rockett Defendants state that they understood and in good faith believed the Court, through the orders it has issued, intends that the following should occur before they are required to file an answer: (1) the bankruptcy court must decide whether it will take action or not and (2) if the bankruptcy court decides not to reopen plaintiff's bankruptcy case, then this Court must decide whether plaintiff permanently lost possession of these causes of action because she failed to properly list them in her bankruptcy schedule.

The Court, however, finds that although the procedural history and posture of this case is certainly unique, Rule 12(a)(4)(A) does apply. The Court's September 29, 2009 Order denied the Rockett Defendants' motion to dismiss in its entirety. While the Court did note that certain issues may be re-urged depending on the bankruptcy court's actions, there were no issues that were not

---

[4]The version of Rule 12(a)(4) quoted is the version that was in effect when the order denying the Rockett Defendants' motion to dismiss was filed.

decided by the Court's order. Any re-urging of the issues would be through new motions that would have to be filed. Further, under Rule 12(a)(4)(A), a court is not required to order a party to file an answer within ten days; a court is only required to set forth a time period for a party to file an answer if that period is different than that set forth in Rule 12. Finally, although additional matters will need to be decided prior to this case proceeding much further, the Court finds that these outstanding matters do not relieve the Rockett Defendants of the requirement to file an answer at this time.

Thus, because the Rockett Defendants have not filed an answer, the Court finds that they are subject to default unless the Court finds that they should be granted leave to file an answer out of time as they request. Federal Rule of Civil Procedure 6(b) provides, in pertinent part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> \* \* \*
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(B). "[A] finding of excusable neglect under [Rule 6(b)] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1289 (10th Cir. 1974).

> The Supreme Court has recently elaborated on the meaning of "excusable neglect," in the context of the courts' discretionary powers to excuse certain failures: "Congress plainly contemplated that the courts *would be permitted*, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388 (1993)(emphasis supplied). To determine whether the neglect is "excusable," the court must take into account all relevant circumstances surrounding the party's omission, including "the

5

> danger of prejudice to the [non-moving party], the length of the delay
> and its potential impact on judicial proceedings, the reason for the
> delay, including whether it was within the reasonable control of the
> movant, and whether the movant acted in good faith." *Id.* at 395.

*Stringfellow v. Brown*, 105 F.3d 670, 1997 WL 8856, at *1 (10th Cir. Jan. 10, 1997).

Having carefully reviewed the parties' submissions, and taking into account all relevant circumstances surrounding the Rockett Defendants' omission, the Court finds that the Rockett Defendants have shown that they failed to file their answer because of excusable neglect. The Court finds that the length of delay of slightly over one month is relatively minimal and that there is no danger of prejudice to plaintiff and no impact on the judicial proceedings in light of the fact that this action can not proceed to any extent until the bankruptcy court decides whether to reopen the bankruptcy case. Additionally, the Court finds that in light of the very unusual procedural posture in this case, and particularly the request to the bankruptcy court to review reopening the bankruptcy case, it was reasonable for the Rockett Defendants to be mistaken regarding when their answer was required to be filed. Finally, the Court finds that the Rockett Defendants' actions were taken in good faith. The Court, therefore, finds that the Rockett Defendants should be granted leave to file their answer out of time.

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Application for Entry of Default by the Clerk against Defendants D. Joe Rockett, Lindsey Willis-Andrews, Clark & Rockett, P.C. and Rock Pile, L.L.C. [docket no. 134] and GRANTS the Rockett Defendants' Alternative Motion for an Order Allowing the Defendants Leave to File an Answer [docket no. 137].

The Rockett Defendants shall file their answer within ten (10) days of the date of this Order.

**IT IS SO ORDERED this 15th day of January, 2010.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE